United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-41305
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE RIVERA-GALVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-322-ALL
--------------------

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Noe Rivera-Galvez appeals the sentence imposed following his
guilty-plea conviction of being found in the United States
without permission after deportation, in violation of 8 U.S.C.
§ 1326(a) and (b). He argues that the district court erred by
imposing an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)
(2005) based on the determination that his prior Maine conviction
of aggravated assault was a crime of violence. He also
challenges the constitutionality of § 1326(b)'s treatment of
prior felony and aggravated felony convictions as sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors rather than elements of the offense that must be found by a jury.

The offense level for illegal reentry is increased by 16 levels if the defendant has a prior conviction of a crime of violence. § 2L1.2(b)(1)(A)(ii). A crime of violence is (1) any specified enumerated offense, including "aggravated assault," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.(1)(B)(iii)); see United States v. Velasco, 465 F.3d 633, 637 (5th Cir. 2006). This court reviews de novo whether the district court properly applied § 2L1.2(b)(1)(A)(ii) for having committed a crime of violence. United States v. Hernandez-Rodriguez, 467 F.3d 492, 493 (5th Cir. 2006), cert. denied, 127 S. Ct. 1350 (2007). Rivera argues that his prior offense is not a crime of violence because it is not an enumerated offense and because it does not have as an element the use, attempted use, or threatened use of physical force against another person.

Because the enumerated offenses are not defined, this court uses a "common sense approach," giving the offense their "generic, contemporary, meaning." United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006) (internal quotation marks and citation omitted). As Rivera argues, the relevant section of the Maine aggravated assault statute criminalizes "recklessly" causing bodily injury with a deadly weapon, while the Model Penal

Code does not include the term "recklessly" in the subsection that sets forth the offense of causing bodily injury to another with a deadly weapon. See MODEL PENAL CODE § 211.1(2)(b); ME. REV. STAT. ANN. tit. 17-A, § 208(1)(B).

However, in Mungia-Portillo, 484 F.3d 813, 816-17 (5th Cir. 2007), when analyzing the Tennessee aggravated assault statute, this circuit held that "reckless aggravated assault" falls within the enumerated offense of "aggravated assault." The reasoning of Mungia-Portillo is persuasive in light of the text of the Maine statute under which Rivera was charged and convicted. Thus, as set forth in Mungia-Portillo, the district court did not err when it concluded that Rivera's prior Maine conviction for aggravated assault fit within the definition of the enumerated offense of aggravated assault, and it did not err when it determined that Rivera's prior offense warranted a 16-level enhancement under § 2L1.2(b)(1)(A)(ii). Because Rivera's prior offense qualifies as a COV as the enumerated offense of aggravated assault, we need not consider Rivera's argument that his prior offense did not have as an element the use, attempted use, or threatened use of physical force against another person.

Additionally, Rivera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rivera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.