# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

DANIEL HYUN PARK,
        *Defendant-Appellee.*

No. 09-50609

D.C. No.
2:09-cr-00135-
RGK-1

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
November 4, 2010—Pasadena, California

Filed June 17, 2011

Before: J. Clifford Wallace and Susan P. Graber,
Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Wallace

---

*The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

## COUNSEL

Jean-Claude Andre, Assistant U.S. Attorney, Los Angeles, California, for the plaintiff-appellant.

Adriaan F. Van Der Capellen, Fountain Valley, California, for the defendant-appellee.

## OPINION

WALLACE, Senior Circuit Judge:

In August 2009, Park pleaded guilty to being a felon in possession of a firearm, which is prohibited by 18 U.S.C. § 922(g)(1). The government now appeals from Park's 37-month sentence, arguing that the district court erred when it refused to impose a "crime of violence" sentencing enhancement based on Park's prior conviction for first-degree burglary in California. According to the government, the district court should have applied the enhancement because California first-degree burglary is categorically a "crime of violence" under section 2K2.1(a) of the United States Sentencing Guidelines (U.S.S.G.). We have jurisdiction over the instant appeal pursuant to 18 U.S.C. § 3742(b), and we vacate Park's sentence and remand for resentencing.

## I.

[1] Federal firearms defendants, such as Park, are subject to an enhanced Sentencing Guidelines range when they com-

mit a firearm offense after "sustaining [one or more] felony conviction[(s)] of . . . a crime of violence." U.S.S.G. § 2K2.1(a) (2009). To determine whether a prior offense is a "crime of violence" under section 2K2.1(a), we look to the definition of that term under U.S.S.G. § 4B1.2(a). *United States v. Crews*, 621 F.3d 849, 851 (9th Cir. 2010). Section 4B1.2(a), which is otherwise known as the "career offender provision," *id.* at 856, defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

This definition is almost identical to the wording used to define the term "violent felony" under the Armed Career Criminal Act of 1984 (ACCA). *Compare* U.S.S.G. § 4B1.2(a) *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as an offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Accordingly, we frequently look to cases interpreting the term "violent felony" to determine whether a particular offense constitutes a "crime of violence" under section 4B1.2(a) of the Guidelines. *See Crews*, 621 F.3d at 856 (explaining that "the terms 'violent felony' in the ACCA, 18 U.S.C. § 942(e)(2)(B)(ii), and 'crime of violence' in Guidelines section 4B1.2[ ] are interpreted according to the same precedent").

   **[2]** The only question raised in this appeal is whether California first-degree burglary categorically falls within section

4B1.2(a)(2)'s "residual clause," in that it "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). The government expressly concedes, for the purposes of this appeal, that section 4B1.2(a)'s other provisions are inapplicable in this case.

To determine whether an offense is categorically a crime of violence under section 4B1.2(a)'s residual clause, we generally examine two criteria. *Crews*, 621 F.3d at 853; *see also Sykes v. United States*, ___ S. Ct. ___, 2011 WL 2224437, at *6 (June 9, 2011) (reiterating the relevant standards for evaluating whether an offense is a crime of violence). First, the "conduct encompassed by the elements of the offense, in the ordinary case," must "present[ ] a serious potential risk of physical injury to another." *James v. United States*, 550 U.S. 192, 208 (2007); *see also United States v. Terrell*, 593 F.3d 1084, 1093 (9th Cir. 2010) (concluding that Arizona second-degree burglary constitutes a "violent felony" under the ACCA*), cert. denied*, ___ S. Ct. ___, 2011 WL 1457602 (April 11, 2011). Second, the state offense must be "roughly similar, in kind as well as in degree of risk posed" to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives. *Begay v. United States*, 553 U.S. 137, 143 (2008); *see also Terrell*, 593 F.3d at 1093.

## II.

**[3]** Applying the categorical test here, we hold that California first-degree burglary is a crime of violence pursuant to the residual clause of section 4B1.2(a). Under California law, a person commits burglary when he or she "enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit grand or petit larceny or any felony." Cal. Penal Code § 459. An offense is classified as "burglary of the first degree," or residential burglary, only if it involves "an inhabited dwelling house, vessel, . . . trailer coach, . . . or the inhab-

ited portion of any other building." *Id.* § 460. Reading these provisions together, the California Supreme Court has held that first-degree burglary requires proof of two elements: (1) entry into an inhabited dwelling, (2) with the intent to commit a theft or felony. *People v. Anderson*, 211 P.3d 584, 589 (Cal. 2009).

## A.

**[4]** Turning to the first step of the categorical approach, we have no trouble concluding that the elements of California's first-degree burglary statute "involve[ ] conduct that presents a serious potential risk of physical injury." *See James*, 550 U.S. at 208. As we recently stated in *Terrell*, both "the Supreme Court and this court have consistently held that burglary," in the ordinary case, "involves conduct that presents a serious potential risk of physical injury to another." 593 F.3d at 1093; *see also Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) (holding that burglary is a "classic example" of a crime of violence because, "by its nature," it "involves a substantial risk that the burglar will use force against a victim in completing the crime").

We applied similar reasoning in *United States v. Becker*, 919 F.2d 568, 573 (9th Cir. 1990), where we held that "first-degree burglary under California law" constituted a "crime of violence" under a prior version of the Guidelines. Examining the elements of California first-degree burglary, we explained:

> Any time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course of committing the crime he will encounter one of its lawful occupants, and use physical force against that occupant either to accomplish his illegal purpose or to escape apprehension.

*Id.* at 571. Admittedly, *Becker* construed an earlier version of section 4B1.2, which defined a "crime of violence" as an

offense involving serious risk of physical force against a person or property. *See* U.S.S.G. § 4B1.2 (1988). Under the current version, the potential for force against property is not sufficient to constitute a "crime of violence." *See* U.S.S.G. § 4B1.2(a) (2009). Nevertheless, because *Becker*'s rationale is premised on the potential harm to "lawful occupants," its holding—that California first-degree burglary involves a serious risk of physical injury—remains valid. *See* 919 F.2d at 571; *United States v. M.C.E.*, 232 F.3d 1252, 1255 (9th Cir. 2000) (explaining that "[c]ourts . . . have come to the conclusion (unanimous, so far as we can tell) that residential burglary is indeed a crime of violence").

It makes no difference for purposes of our analysis that California first-degree burglary does not require an unlawful entry in the same sense as the generic offense contemplated by the Sentencing Guidelines. *See Taylor v. United States*, 495 U.S. 575, 599 (1990) (setting forth the requirements for generic burglary); *People v. Nguyen*, 46 Cal. Rptr. 2d 840, 844 (Ct. App. 1995) (upholding first-degree burglary conviction where the defendant gained access to the victim's home through false pretenses). As we explained in *Terrell*, the absence of an unlawful entry does not, without more, "change the fact that committing the offense, in the ordinary case, presents a serious potential risk of injury" to lawful occupants. 593 F.3d at 1093-94 (internal quotation marks omitted). Relying on the Supreme Court's decision in *James*—which treated a violation of Florida's attempted burglary statute as a violent felony under the ACCA, even though "the offense did not even require *entry* into a structure let alone . . . 'unlawful' entry"—we reasoned that " '[t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party.' " *Id*, quoting *James*, 550 U.S. at 203; *see also United States v. Mayer*, 560 F.3d 948, 961 (9th Cir.) (treating Oregon first-degree burglary, which does not require an unlawful entry, as a violent felony because "[m]ost cases

applying" the statute "involve entries" that present a high risk of face-to-face confrontation), *cert. denied*, 130 S. Ct. 158 (2009).

Moreover, and despite the absence of an unlawful entry requirement (at least in the sense contemplated by the Guidelines), California has repeatedly emphasized the violent nature of the ordinary residential burglary. According to the state supreme court, California's

> [b]urglary laws are based primarily upon a recognition of the dangers to *personal safety* created by the *usual* burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime . . . and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence.

*People v. Davis*, 958 P.2d 1083, 1089 (Cal. 1998) (emphases added) (internal quotation marks omitted). This is especially true of first-degree burglary:

> [T]he Legislature's distinction between first and second degree burglary is founded upon the *risk of personal injury involved*. Burglary of business premises, even though such premises might have people on them, is not burglary of the first degree because it does not carry the *peculiar risks of violence* and *resulting injury* which inhere in the burglary of a home. [T]he fact that a building is used as a home . . . increases such danger: a person is more likely to react violently to burglary of his living quarters than to burglary of other places because in the former case persons close to him are more likely to be present, because the property threatened is more likely to belong to him, and because the home is usually regarded as a particularly private sanctuary, even as an extension of the person.

*People v. Rodriguez*, 18 Cal. Rptr. 3d 550, 558 (Ct. App. 2004) (emphases added) (internal citations and quotation marks omitted). Stated otherwise, the *ususal* or *ordinary* first-degree burglary in California involves conduct that presents a *serious* risk of physical violence and injury to others. Under *James*, this is precisely what is required to satisfy the first step of the categorical approach. *See* 550 U.S. at 202; U.S.S.G. § 4B1.2(a).

## B.

**[5]** Turning to the second step of the categorical test—the "roughly similar" step—we conclude that California first-degree burglary is "roughly similar" to the enumerated offenses listed in the first part of section 4B1.2(a)'s residual clause because this offense "typically" involves "purposeful, violent, and aggressive conduct." *See Begay*, 553 U.S. at 145. Under this step, it is helpful to understand that "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk." *Sykes*, 2011 WL 2224437, at *9. This is so because "crimes that fall within the former formulation and those that present serious potential risks of physical injury to others tend to be one and the same." *Id.* Thus, as we explained in *Terrell*, "it is hard to imagine that a state's 'burglary' definition would not be at least 'roughly similar' to generic 'burglary.' " 593 F.3d at 1094. This is especially true, where the state statute requires burglary of an inhabited "dwelling," as California's statute does. *See* U.S.S.G. § 4B1.2(a); Cal. Penal Code § 460.

According to Park, California first-degree burglary is not "roughly similar" to generic burglary because the former encompasses entry into movable structures and because it does not require an unlawful entry. In *Terrell*, however, we reasoned that "a burglar's entry into movable buildings typically involves, much like generic burglary, . . . purposeful, violent, and aggressive conduct." 593 F.3d at 1094 (internal quotation marks omitted). Additionally, while California resi-

dential burglary "does not require 'unlawful entry' " in the generic sense, it "still requires 'entry,' making it even more like generic burglary than" the attempted burglary statute that the Court addressed in *James*. *See id.* at 1095. Accordingly, we reject Park's argument that California first-degree burglary is not sufficiently similar to the generic offense.

## III.

[6] A violation of California's first-degree burglary statute is a "crime of violence" under U.S.S.G. § 4B1.2(a)'s residual clause. We therefore vacate Park's sentence and remand for resentencing so that the district court can accurately calculate the correct Sentencing Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that a district court commits procedural error if it incorrectly calculates the applicable Guidelines range).

**REVERSED, VACATED, AND REMANDED FOR RESENTENCING.**