**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30156 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-00014-DWM |
| v. | |
| RAYMOND BELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Raymond Bell appeals the 150-month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Bell first contends that the district court plainly erred in sentencing him as a career offender because his prior first-degree burglary conviction under section 459 of the California Penal Code is not a crime of violence. Bell's contention is foreclosed by *United States v. Park*, 649 F.3d 1175, 1178 (9th Cir. 2011) ("Applying the categorical test here, we hold that California first-degree burglary is a crime of violence pursuant to the residual clause of [U.S.S.G. §] 4B1.2(a).").

Bell next contends that his counsel provided ineffective assistance by failing to alert the district court to the pendency of *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), and by failing to object to the district court's application of the career offender Guideline. Although ineffective assistance of counsel claims are generally not considered on direct appeal, the record here is sufficiently developed to permit consideration of this claim. *See United States v. Alferahin*, 433 F.3d 1148, 1160 n.6 (9th Cir. 2006).

Bell's claim fails. Neither counsel's speculation regarding the outcome of *Aguila-Montes de Oca*, nor an objection to the district court's decision to sentence Bell as a career offender, would have affected the outcome in the district court or on appeal. There was no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**AFFIRMED.**