**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30013 |
| Plaintiff - Appellee, | D.C. No. CR-05-00104-FVS |
| v. | |
| MATTHEW ROBERT DESCAMPS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Resubmitted January 10, 2012[**]
Seattle, Washington

Before: W. FLETCHER, GOULD, and TALLMAN, Circuit Judges.

Matthew Descamps was found guilty of being a felon in possession of a

firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He had five

previous felony convictions. The Armed Career Criminal Act ("ACCA") requires

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a sentence of at least fifteen years if the defendant has three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). The statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the . . . threatened use of physical force against the person of another; or is burglary . . . ." § 924(e)(2). At sentencing, the district court concluded that Descamps had three predicate violent felonies—robbery, burglary, and felony harassment—and sentenced Descamps to 262 months in custody and five years of supervised release, under the ACCA. Descamps appeals his sentence.

Descamps first argues that all prior convictions that are used to enhance his sentence must be charged in the indictment and submitted to a jury for a finding beyond a reasonable doubt. The Supreme Court has held that prior convictions that increase a sentence beyond a statutory maximum do not have to be proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact *other than the fact of a prior conviction* must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt); *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998) (prior convictions need not be presented in an indictment). Our circuit precedent follows the Supreme Court's precedent. *United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir. 2007) (stating that *Almendarez-Torres* is still good law and holding the ACCA

-2-

does not require the government to plead and prove beyond a reasonable doubt a defendant's prior convictions).

Descamps also argues that his prior felonies of burglary and felony harassment do not qualify as violent felonies under the ACCA. Descamps pled guilty to the crime of burglary in violation of California Penal Code ("CPC") § 459. The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). CPC § 459 defines burglary as when a "person . . . enters [various structures] . . . with intent to commit grand or petit larceny or any felony." Burglary under § 459 is categorically broader than generic burglary both because it includes burglary of a tent and because "California's definition of 'unlawful or unprivileged entry,' unlike the generic definition, permits a conviction for burglary of a structure open to the public and of a structure that the defendant is licensed or privileged to enter if the defendant enters the structure with the intent to commit a felony." *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 944 (9th Cir. 2011) (en banc).

We therefore apply the modified categorical approach. *Id.* We look at the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant

assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The information charged that Descamps did "wilfully, unlawfully and feloniously enter a building, to-wit: CentroMart." During the plea colloquy, the prosecutor said that the factual basis for the crime was the "breaking and entering of a grocery store." Descamps made no objection to this statement of factual basis.

We hold that the guilty plea and conviction necessarily rested on facts that satisfy the elements of the generic definition of burglary. The charging document shows that Descamps pled guilty to entering a building, and the plea colloquy establishes that he did so in an unlawful way (by "breaking and entering") in the generic sense. We reject as fanciful Descamps's argument that "building" could have meant a tent. The combination of facts stated in the information and plea colloquy show that Descamps's conviction necessarily rested on facts identifying the burglary as generic. *See Aguila-Montes*, 655 F.3d at 937.

We also reject Descamps's claim that his Washington state conviction for felony harassment is not a violent felony. The amended information charged Descamps with knowingly threatening to kill a judge in violation of the Revised Code of Washington § 9A.46.020(1)(a). Descamps pled guilty. Descamps argues that a threat to kill does not necessarily have as an element a threatened use of physical force. We reject this argument. A finding that a person threatened to kill

-4-

necessarily requires a finding of "threatened use of physical force against the person of another." § 924(e)(2)(ii).

The district court correctly held that Descamps had three prior violent felonies and correctly applied the ACCA to Descamps.[1]

**AFFIRMED**.

---

[1] Descamps has filed a supplemental brief with our permission in addition to those filed by his attorney. Construing the pleading liberally, Descamps has asserted a claim of ineffective assistance of counsel. But this type of claim is more properly raised by collateral attack under 28 U.S.C. § 2255, because in such a proceeding facts concerning the representation can be developed, and not on direct appeal, so we decline to address the claim. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).