IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2012

Lyle W. Cayce
Clerk

No. 11-50187

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IVETH NAJERA-MENDOZA, also known as Iveth Najera,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before GARZA, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:

The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED R. APP. PROC. 35 and 5TH CIR. R. 35), the request for rehearing en banc is DENIED.

Voting for en banc rehearing were: Chief Judge Edith H. Jones, Judge E. Grady Jolly, Judge Jerry E. Smith, Judge Edith Brown Clement, and Judge Priscilla R. Owen. Voting against en banc rehearing were: Judge Carolyn Dineen King, Judge W. Eugene Davis, Judge Carl E. Stewart, Judge James L. Dennis, Judge Edward C. Prado, Judge Jennifer Walker Elrod, Judge Leslie H. Southwick, Judge Catharina Haynes, Judge James E. Graves, and Judge Stephen A. Higginson.

Upon the filing of this order, the clerk shall issue the mandate forthwith. See FED R. APP. PROC. 41(b).

ENTERED FOR THE COURT:

_____
JAMES L. DENNIS
UNITED STATES CIRCUIT JUDGE

E. GRADY JOLLY, Circuit Judge, dissenting from the denial of rehearing en banc, joined by EDITH H. JONES, Chief Circuit Judge, and JERRY E. SMITH and EDITH BROWN CLEMENT, Circuit Judges:

I respectfully dissent from the denial of rehearing en banc.  As in many other "crime of violence" cases by many other panels of this court, the panel opinion in this case is an unnecessarily verbose, overextended, strained, and hairsplitting analysis of a simple question: here, whether the Oklahoma statute represents a generic, contemporary statement of the crime, which it most surely does.  What agonized toil for the panel for so incorrect a result, especially when the correct result was to be found before its eyes from the start, that is, in the plain language of the statute.

Ultimately, the contested holding presented has been reduced to the single question: whether the Oklahoma kidnapping statute requires proof that the defendant substantially interfered with the victim's liberty.[1]  The statute reads:

> Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent, either:
> First. To cause such other person to be confined or imprisoned in this state against the will of the other person; or
> Second. To cause such other person to be sent out of this state against the will of the other person; or
> Third. To cause such person to be sold as a slave, or in any way held to service against the will of such person . . . .

---

[1] If the statute so requires, then three out of four elements of the "generic, contemporary definition" of kidnapping are met: "knowing removal or confinement," "substantial interference with victim's liberty," and "force, threat, or fraud." *See U.S. v. Gonzalez-Ramirez*, 477 F.3d 310, 318 (5th Cir. 2007).  Under *United States v. Iniguez-Barba*, these three elements satisfy the generic definition, and the Oklahoma statute qualifies as an "enumerated offense" under §2L1.2 of the U.S. Sentencing Guidelines. 485 F.3d 790, 791-93 (5th Cir. 2007).

21 Okla. Stat. § 241 (emphasis added). The majority turns its back on common sense when it argues that the above statute may be violated without a showing of interference with the victim's liberty.[2] See United States v. Najera–Mendoza, 683 F.3d 627, 630 (5th Cir. 2012).

The majority would require that the statutory text of the crime, or the statutory definition of its terms, include explicitly these magic words: "substantial interference with liberty." Otherwise, the majority cannot argue that Najera–Mendoza's kidnapping did not constitute a crime of violence. But the Oklahoma statute is clear. It defines kidnapping as a "forcibl[e] seiz[ure]" or "confinement or imprisonment" of another person "against the will of the other person." 21 Okla. Stat. § 741 (emphasis added). This statutory language needs no defining supplement; it emphatically requires proof that the defendant deprived the victim of his freedom of action and movement; consequently, a substantial interference with his liberty.

It is impossible to understand how including the majority's magic words makes the statute any more restrictive of one's liberty. If the language demanded by the panel were added to the statute, prosecution of the statute and proof of conviction would be the same. The elements constituting the crime would not change. Respectfully, I ask the panel majority a question that has not been answered: If a prosecutor proved all the elements of the

---

[2] *See U.S. v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012) ("In determining whether the state crime at issue here is the enumerated offense of 'aggravated assault,' we look to the 'generic, contemporary' meaning of aggravated assault, employing a 'common sense approach' . . . ."); *U.S. v. Olade-Hernandez*, 630 F.3d 372, 374 (5th Cir. 2011) ("[W]e use a 'common sense approach' to determine whether Olade-Hernandez's prior conviction for child molestation constitutes 'sexual abuse of a minor' as that term is understood in its 'ordinary, contemporary, [and] common meaning.'") (citations omitted); *U.S. v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("This Court applies a 'common sense approach' . . . ."); *United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007) (holding that when determining whether a statute is an enumerated offense under the Federal Sentencing Guidelines, "the common sense approach is used"); *United States v. Peraza-Chicas*, 254 F.App'x 399, 401 (5th Cir. 2007) ("When determining whether a prior offense constitutes a crime of violence as an enumerated offense under U.S.S.G. § 2L1.2(b)(1)(A), we employ a 'common sense' approach."); *U.S. v. Rivera-Galvez*, 241 F.App'x. 207, 208 (5th Cir. 2007) ("[T]his court uses a 'common sense approach,' giving the offense [its] 'generic, contemporary, meaning.'").

Oklahoma kidnapping statute necessary for a conviction, what further proof would be required to establish a substantial interference with the victim's liberty?

The majority has veered so far off a sensible course that, under its approach, even the federal kidnapping statute does not meet the generic, contemporary definition of kidnapping. See 18 U.S.C. § 1201(a)(1) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away . . . any person . . . when the person is wilfully transported in interstate and foreign commerce . . . shall be punished by imprisonment."). The federal statute, after all, does not contain the explicit "substantial interference with liberty" language demanded by the panel. Id. Consequently, the federal statute is now thrown into the trash bin with all other kidnapping statutes that do not measure up to the panel's hairsplitting analysis. That the federal kidnapping statute is not a "contemporary" definition of kidnapping is, respectfully, an embarrassing if not absurd result.

Properly considered, this should not be a difficult case. The majority has favored form over substance and magic words over common sense. Its technical analysis has obscured the clarity of the fact that Najera–Mendoza's kidnapping conviction is an enumerated offense and, therefore, a crime of violence. Allowing this further obfuscation of "crime of violence" jurisprudence is to be regretted, and, accordingly, I respectfully DISSENT from the denial of rehearing en banc.[3]

---

[3] I note that the U.S. Supreme Court has granted certiorari in a Ninth Circuit case that presents a question affecting our own analysis: whether a state statute that is missing an element of a generic crime, as alleged to be missing in this case, may be subjected to the "modified categorical approach" to determine whether the missing element was proven. *United States v. Descamps*, 466 F. App'x 563 (9th Cir. 2012), *cert. granted*, 2012 WL 1031489 (U.S. Aug. 31, 2012) (No. 11-9540).