**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50151 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00445-DSF-53 |
| v. | |
| JAIME NAVA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 7, 2012
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Jaime Nava pleaded guilty to one count of racketeering conspiracy in

violation of 18 U.S.C. § 1962(d) and one count of conspiracy to distribute and to

possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

district court sentenced Nava to concurrent prison terms totaling 151 months plus ten years of supervised release.

Nava contends that the district court erred in considering rehabilitation prospects in prison in determining his sentence. Although the trial court acted in accord with then-existing circuit precedent, *see United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994), the Supreme Court has since held that sentencing judges may not lengthen an offender's sentence to promote rehabilitation, *Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011). Because Nava's prospects for rehabilitation in prison played a significant role in the district court's discussion of sentencing, we vacate his sentence and "remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider." *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc). We express no opinion as to the appropriate sentence to be imposed on remand.

Nava also argues that the government did not meet its burden of establishing by clear and convincing evidence that he had been convicted in California of first-degree residential burglary, and was, thus, a violent career offender. *See United States v. Park*, 649 F.3d 1175, 1178 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1119 (2012) (holding that California first-degree burglary is categorically a crime of

violence).  On appeal, Nava and the government have submitted additional documentation, not considered by the district court, on this point.  Because we must vacate Nava's sentence on other grounds, we also reverse and remand the violent career offender determination to the district court so that both parties can fully develop the record on this point.  The district court can then make a finding about Nava's career offender status on an enhanced record.

Finally, Nava challenges the supervised release term in his sentence. Because there will be a new sentencing proceeding, we need not consider this question.

Nava has filed a motion to stay the proceedings in this case to await the Supreme Court's decision in *United States v. Descamps*, 466 F. App'x 563 (9th Cir. 2012) (unpublished decision), *cert. granted*, 2012 WL 1031489 (U.S. Aug 31, 2012) (No. 11-9540).  But that case involves the application of the modified categorical approach to federal evaluations of state convictions; this case involves the purely categorical approach.  We deny the motion to stay.

Both parties have requested that we take judicial notice of state court documents relevant to Nava's prior convictions.  We deny the motions for judicial notice; the documents may be considered by the district court on remand.

**MOTIONS DENIED; VACATED and REMANDED.**

4