**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50067 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00202-DOC-3 |
| v. | |
| LIZANDRO RINCON, AKA Alley Cat, AKA Alizandro Rincon, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 6, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, Senior District
Judge.[**]

Lizandro Rincon challenges his conviction for being a felon in possession of

ammunition on the ground that the prosecutor made improper statements during

closing argument. The government concedes error. But despite the prosecutor's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

improper statements, the jury acquitted Rincon of, or failed to reach a verdict on, all of the more serious offenses with which he was charged. Given the strong evidence that Rincon possessed the ammunition, in contrast to the weaker evidence of Rincon's guilt for the more serious offenses, the verdict demonstrates that the jury was able to "consider the totality of the evidence fairly." *United States v. Sanchez*, 659 F.3d 1252, 1257 (9th Cir. 2011) (internal quotation marks omitted). Rincon has thus failed to establish that the prosecutor's improper statements "substantially prejudice[d]" Rincon's trial. *Id.* at 1256 (internal quotation marks omitted).

The district court properly found that Rincon's prior conviction under California Penal Code (CPC) § 4501.5 ("battery by prisoner on non-confined person") qualifies as a "crime of violence" within the meaning of the Sentencing Guidelines. A conviction under CPC § 4501.5 is categorically a "crime of violence" under the residual clause of § 4B1.2(a)(2) of the Sentencing Guidelines because, "in the ordinary case," the conduct the offense involves presents a "serious potential risk of physical injury to another." *United States v. Park*, 649 F.3d 1175, 1177–78 (9th Cir. 2011) (internal quotation marks omitted). Prisoner battery of a non-prisoner, in light of the penal context in which the offense occurs, creates not only the risk of physical injury to the battered non-prisoner, but also the

risk that a "face-to-face confrontation between" the prisoner and a third party (such as a correctional officer) will result. *United States v. Mayer*, 560 F.3d 948, 963 (9th Cir. 2009). Accordingly, prisoner battery of a non-prisoner is "roughly similar" to burglary, *Park*, 649 F.3d at 1178 (internal quotation marks omitted), because both offenses "can end in confrontation leading to violence." *Sykes v. United States*, 131 S. Ct. 2267, 2273 (2011).

Our holding in *Flores-Lopez v. Holder*, 685 F.3d 857 (9th Cir. 2012), does not dictate a contrary result. There, we addressed the residual clause of 18 U.S.C. § 16(b), which, while similar, is not identical to the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines. The case law that deals with § 4B1.2(a)(2) and the identically worded residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), controls the result here. *See United States v. Coronado*, 603 F.3d 706, 708–10 (9th Cir. 2010) (holding that the categorical analysis applied to the ACCA residual clause applies in the context of § 4B1.2 because the language of both the ACCA and the Guideline adopt the same "serious risk of injury" test). As explained above, the conduct covered by CPC § 4501.5 gives rise to a serious risk of injury, and we need not consider whether it would meet the definition of a "crime of violence" under 18 U.S.C. § 16(b).

**AFFIRMED.**

3