**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | No. 11-10667 |
| Plaintiff - Appellee, | D. C. No. 4:10-cr-01786-CKJ-DTF-1 |
| v. | |
| ELISHA WILLIAM POLLOCK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted May 14, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District Judge.**

Defendant appeals the sentence imposed by the district court for his

conviction for making a false statement during the purchase of a firearm. 18

U.S.C. § 924(a)(1)(A). The district court applied a six-level enhancement to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Defendant's base offense level for Defendant's previous conviction for a felony crime of violence.   Defendant argues the district court erred in applying the enhancement because the offense for which he was previously convicted, second-degree burglary under Arizona law, is not a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2).  We review de novo a district court's interpretation of the Sentencing Guidelines.  *United States v. Lopez-Patino*, 391 F.3d 1034, 1036 (9th Cir. 2004) (per curiam).

Defendant's argument is stymied by this court's decisions in *United States v. Park*, 649 F.3d 1175 (9th Cir. 2011), and *United States v. Terrell*, 593 F.3d 1084 (9th Cir. 2010).  In *Terrell*, we held that second-degree burglary under Arizona law is categorically a "violent felony" under the Armed Career Criminal Act of 1984 (the "ACCA"), 18 U.S.C. § 924(e).  593 F.3d at 1093.  Furthermore, this Court has interpreted the term "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) in a manner consistent with our interpretation of "violent felony" under the ACCA.  *See Park*, 649 F.3d at 1177.  Accordingly, we AFFIRM the sentence imposed on Defendant by the district court.

Defendant also contends the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague.  This Court recently considered and rejected this argument in *United States v. Spencer*, No. 12-10078, 2013 WL 3870731 (9th Cir.

July 29, 2013), where we found this attack to be foreclosed by Supreme Court and Ninth Circuit precedent. *Id.* at *10 (citing *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011); *James v. United States*, 550 U.S. 192, 210 n. 6 (2007); and *United States v. Crews*, 621 F.3d 849, 852 n. 4, 855-56 (9th Cir. 2010)). Thus, there is no basis for reversal on this ground.

**AFFIRMED.**