NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> GERRIELL ELLIOTT TALMORE, AKA Gerriell Talmore, <br><br> Defendant - Appellant. | No. 13-10650 <br><br> D.C. No. 4:13-cr-00381-PJH-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.[**]

Gerriell Elliott Talmore appeals from the district court's judgment. He challenges the 33-month sentence imposed by the district court on the ground that his prior conviction for California first-degree burglary does not qualify as a "crime of violence." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Talmore pled guilty in 2013 to violating 18 U.S.C. § 922(g)(1), which prohibits convicted felons from carrying firearms and ammunition. He had previously been convicted, *inter alia*, of first-degree burglary under Section 459 of the California Penal Code. Relying on *United States v. Park*, 649 F.3d 1175 (9th Cir. 2011), the district court held that Talmore's prior conviction was for a "crime of violence" under Section 4B1.2(a) of the U.S. Sentencing Guidelines, and on that basis imposed a sentence enhancement.

Talmore argues that the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), are "clearly irreconcilable" with *Park*, and that *Park* therefore must be overruled. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). We disagree.

In *Descamps*, the Supreme Court held that California first-degree burglary is not a "violent felony" for the purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), because the California statute criminalizes more conduct than is encompassed by "generic" burglary. The Court specifically declined to address whether the crime qualified as a violent felony under the ACCA's "residual clause" (which is, for present purposes, functionally identical to the "residual clause" in Section 4B1.2(a)). *Descamps*, 133 S. Ct. at 2293 n.6. In *Park*, we had held that California first-degree burglary qualifies as a "crime of violence"

because it falls under Section 4B1.2(a)'s "residual clause." *Park*, 649 F.3d at 1178. By its own terms, therefore, *Descamps* leaves *Park*'s holding undisturbed.

*Alleyne* and *Moncrieffe* are also not "clearly irreconcilable" with *Park*. *Alleyne* held that facts that increase a mandatory minimum sentence must be found by a jury beyond a reasonable doubt. *See* 133 S. Ct. at 2158. *Moncrieffe* held that some convictions for drug distribution do not qualify as "aggravated felonies" under the Immigration and Nationality Act. *See* 133 S. Ct. at 1693–94. Neither case is "clearly irreconcilable" with *Park*.

Talmore also argues that newly available statistical evidence undermines *Park*'s holding. Talmore's statistical evidence, no matter how persuasive, does not permit us, sitting as a three-judge panel, to revisit *Park*.

**AFFIRMED.**