FILED
United States Court of Appeals
Tenth Circuit

April 11, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIEL JOHNATHON THYBERG,

Defendant - Appellant.

No. 16-2273
(D.C. Nos. 2:16-CV-00514-JAP-CG and
2:10-CR-00196-JAP-1)
(D. N.M.)

ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

In November 2010, Gabriel Johnathon Thyberg pled guilty to possession with

intent to distribute five grams or more of methamphetamine.  21 U.S.C. § 841(a)(1),

(b)(1)(B).  His criminal history included two convictions for residential burglary in

violation of N.M. Stat. Ann. § 30-16-3(A).[1]  The district judge concluded these

convictions constituted "crime[s] of violence" under the "career offender" sentencing

guidelines, USSG §§ 4B1.1, 4B1.2(a), and sentenced him as such.[2]  An offense is a

---

[1] Section 30-16-3(A) prohibits a person "without authorization" from "enter[ing] a dwelling house with intent to commit any felony or theft therein."

[2] The career offender guideline requires: (1) the defendant be at least 18 years old at the time he committed the offense of conviction, (2) the offense of conviction is either

"crime of violence" if it (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) is one of the offenses enumerated in the guideline, including "burglary of a dwelling," or in the accompanying commentary (the enumerated-offense clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).[3] USSG § 4B1.2(a)(1)-(2).

The advisory guideline range was 188 to 235 months' imprisonment. The judge granted Thyberg's unopposed motion for a two-level downward variance and sentenced him to 151 months' imprisonment on June 4, 2010. Thyberg did not file a direct appeal. He did file a 28 U.S.C. § 2255 motion in June 2004 but that motion was dismissed as untimely.

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court decided the Armed Career Criminal Act's (ACCA) definition of "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another" (also known as the residual clause) is unconstitutionally vague. *Id.* at 2557, 2563. On November 2, 2015, applying the reasoning of *Johnson*, we decided the residual clause of USSG § 4B1.2(a)(2) is also void for vagueness. *United States v. Madrid*, 805

---

a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substantive offense. USSG § 4B1.1(a).

[3] The 2009 version of the United States Sentencing Guidelines Manual was used at Thyberg's sentencing. All references to the guidelines are to the 2009 version.

F.3d 1204, 1211 (10th Cir. 2015). On April 18, 2016, the Supreme Court made *Johnson*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).

On May 24, 2016, relying on *Johnson*, Thyberg filed a motion seeking this Court's authorization to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(2). We granted authorization and appointed counsel.

Thyberg filed his second § 2255 motion on June 1, 2016.[4] He argued his residential burglary convictions could not be considered crimes of violence under § 4B1.2(a)(2)'s residual clause because that clause was unconstitutionally vague. Nor did they qualify under the enumerated-offense clause because residential burglary under § 30-16-3(A) did not substantially correspond with the generic definition of "burglary of a dwelling."[5]

The district judge disagreed. He concluded Thyberg's prior convictions constituted crimes of violence under the enumerated-offense clause. Therefore, there was no need to rely on the unconstitutional residual clause.

Thyberg did not request a certificate of appealability (COA) from the district court

---

[4] The motion was timely filed within one year of *Johnson*. *See* 28 U.S.C. § 2255(f)(2).

[5] In his second § 2255 motion, Thyberg did not specifically argue that his prior convictions did not qualify as crimes of violence under the elements clause of §4B1.2(a)(1). Neither the government nor the district judge relied on the elements clause either. It appears they did so for good reason—§ 30-16-3(A) does not have "as an element the use, attempted use, or threatened use of physical force against another." USSG § 4B1.2(a)(1).

and the judge did not address a COA. But, as Thyberg acknowledges, a COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). He has not met his burden.

He continues to maintain his residential burglary convictions are not crimes of violence under the enumerated-offense clause. Therefore, he could only have been properly classified as a career offender under the residual clause of § 4B1.2(a)(2). Because the residual clause is unconstitutional, his argument continues, he must be re-sentenced without the career offender enhancement.

We need not decide whether Thyberg's residential burglary convictions qualify as crimes of violence under the enumerated-offense clause. Since he filed his COA application, the Supreme Court held *Johnson* does not apply to the Sentencing Guidelines, including § 4B1.2(a)(2). *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 897 (2017) ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."). Other than arguing his prior convictions cannot be deemed crimes of violence under the residual clause because it is unconstitutionally vague, Thyberg does not otherwise

contend they do not qualify under that clause, i.e., that they do not "otherwise involve[]" conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). Nor could he, as such claim would clearly be untimely.[6] It would also be without merit. *Cf. United States v. Ramirez*, 708 F.3d 295, 305-07 (1st Cir. 2013) (Florida's burglary of a dwelling statute, which prohibits unauthorized entry into a building or conveyance or their curtilage with the intent to commit an offense therein, is a crime of violence under the residual clause of § 4B1.2(a)(2)); *United States v. Park*, 649 F.3d 1175, 1178-80 (9th Cir. 2011) (California's first-degree burglary statute, which prohibits entry into an inhabited dwelling or the inhabited portion of any building with intent to commit larceny or any felony, is a crime of violence under the residual clause of §4B1.2(a)).

---

[6] Thyberg was granted authorization to file his second § 2255 motion based on *Johnson*. With *Johnson* out of the picture, it seems any claim that his prior convictions do not qualify as crimes of violence under the force clause, enumerated clause, or residual clause of § 4B1.2(a) would be untimely because he did not raise these claims (but could have) within one year of his conviction becoming final. *See* 28 U.S.C. § 2255(f)(1). In this case, however, it would have done Thyberg little good to claim in his second § 2255 motion merely that his prior convictions were not crimes of violence under the "then-defunct" residual clause; he also had to show his prior convictions did not qualify as crimes of violence under the force or enumerated-offense clauses to obtain relief. Therefore, perhaps one could argue addressing these clauses was a necessary part of his *Johnson* claim. But the same cannot be said of an argument that his prior convictions do not qualify as crimes of violence under the residual clause. In any event, Thyberg was aware of *Beckles*, yet did not argue in the alternative, i.e., if *Beckles* holds *Johnson* did not apply to § 4B1.2(a)(2) (as it did), his prior convictions still fail to satisfy the residual clause.

We **DENY** a COA and **DISMISS** the appeal.

Entered by the Court:


**Terrence L. O'Brien**
United States Circuit Judge