**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50185 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00351-ODW-2 |
| v. | |
| JUAN GIL, AKA Nito, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50193 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00351-ODW-1 |
| v. | |
| ARMANDO BARAJAS, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted November 17, 2017
Pasadena, California

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA and HURWITZ, Circuit Judges, and SEEBORG,[**] District Judge.

Juan Gil and Armando Barajas were convicted of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Barajas was also convicted of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Both appeal their convictions and sentences. We affirm.

1. An application for a wiretap must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). And, a court authorizing a wiretap must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). Wiretaps authorized by a state court are not "other" or "normal" investigative procedures under § 2518. *See United States v. Reed*, 575 F.3d 900, 908 (9th Cir. 2009) (noting that the purpose of the statutory requirement "is to ensure that 'wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime'" (citation omitted)). The district court therefore did not err in admitting evidence from the federal wiretap despite the

---

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

previous state-authorized wiretaps.

2. The district court did not abuse its discretion in admitting David Navarro's testimony. A witness's "interpretations of ambiguous conversations based upon his direct knowledge" are appropriate lay testimony under Federal Rule of Evidence 701. *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007).

3. The district court did not abuse its discretion in admitting packages seized during the strip search of a prisoner. The government offered evidence that the gang to which defendants belonged regularly smuggled drugs into the prison, and that one package seized in the strip search was intended to be delivered to Gil.

4. During deliberations, the jury submitted this question: "Threat as used in the definition of extortion does it have to be explicit or implied?" The district court replied: "A threat can be explicit or implied. This response is only a part of the jury instructions and you should consider it equally with the earlier instructions." The court's response was not "misleading, unresponsive, or legally incorrect." *United States v. Frega*, 179 F.3d 793, 810 (9th Cir. 1999). Nor did the court abuse its discretion by declining to define "implied threat." *See United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir. 1999), *overruled on other grounds as recognized by United States v. Pineda–Moreno*, 688 F.3d 1087, 1090–91 (9th Cir. 2012).

5. Gil's conspiracy conviction was supported by sufficient evidence. A witness testified that Gil knew that payments he received were dependent on the

3

success of the alleged conspiracy. "The credibility of witnesses is a matter for the jury, not an appellate court." *Lyda v. United States*, 321 F.2d 788, 794 (9th Cir. 1963). And, Gil acknowledged in several telephone calls that payments to his wife were dependent on the continued success of the conspiracy.

6. To determine whether a RICO conspiracy qualifies as a crime of violence or controlled substance offense under the Sentencing Guidelines, we look to the predicate offenses. *See United States v. Scott*, 642 F.3d 791, 801 (9th Cir. 2011) (per curiam). The government presented ample evidence of qualifying predicate offenses, *see* U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" and listing "extortion"); *id.* § 4B1.2(b) (defining "controlled substance offense"); *id.* § 4B1.2 app. n.1 (explaining that 21 U.S.C. § 843(b) is a controlled substance offense), and the district court reasonably could have concluded that Gil committed one of these offenses. The court therefore did not err in concluding that Gil committed a crime of violence. *See United States v. Mercado*, 474 F.3d 654, 656–57 (9th Cir. 2007).

7. The district court did not err in finding that Gil's 2005 felony conviction for distribution of methamphetamine qualifies as a prior controlled substance offense for sentencing purposes. Gil was convicted of that offense "prior to the last overt act of the instant offense." U.S.S.G. § 2E1.1 app. n.4.

8. The district court did not err in finding that Barajas' prior conviction for a violation of California Penal Code § 459 qualifies as a crime of violence. Section

4

459 "categorically falls within section 4B1.2(a)(2)'s 'residual clause,' in that it 'involves conduct that presents a serious potential risk of physical injury to another.'" *United States v. Park*, 649 F.3d 1175, 1177 (9th Cir. 2011) (citation omitted). Neither *Descamps v. United States*, 133 S. Ct. 2276 (2013), nor *Johnson v. United States*, 135 S. Ct. 2551 (2015), is "clearly irreconcilable" with *Park*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). And, Barajas' vagueness challenge to the residual clause is foreclosed by *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

In each of these appeals, the judgment of conviction and the sentence are **AFFIRMED**.