In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3377

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERIC S. SCANLAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-CR-25—**Rudolph T. Randa,** *Judge*.

ARGUED NOVEMBER 8, 2011—DECIDED JANUARY 27, 2012

Before KANNE, SYKES, and HAMILTON, *Circuit Judges*.

PER CURIAM. Eric S. Scanlan pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). The district court set a base offense level of 24, *see* U.S.S.G. § 2K2.1(a)(2), relying in part on a California burglary conviction that the district court considered a crime of violence. Scanlan argues that the district court committed plain error by treating the burglary conviction as a crime of violence. We affirm the sentence.

Police in Milwaukee, Wisconsin, arrested Scanlan after receiving a tip that he would be arriving in town by bus from California wearing a bulletproof vest and carrying drugs and a firearm. Scanlan was indicted for possession of a firearm and body armor by a felon, 18 U.S.C. §§ 922(g)(1), 931(a)(7), and pleaded guilty to the firearm charge.

A probation officer prepared a presentence investigation report setting Scanlan's base offense level at 24 under U.S.S.G. § 2K2.1(a)(2). That calculation was based in part on a California conviction for "burglary" which the probation officer characterized as a crime of violence. By default the base offense level under § 2K2.1 for a violation of § 922(g)(1) is 14, but that starting point is raised to 20 for a defendant with one prior conviction for either a crime of violence or a controlled substance offense, and to 24 if the defendant has two such convictions. U.S.S.G. § 2K2.1(a)(2), (4)(A), (6). An offense qualifies as a crime of violence if it is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* §§ 4B1.2(a)(2), 2K2.1 cmt. n.1.

Scanlan's lawyer initially objected that, in drafting the presentence report, the probation officer had impermissibly relied on police reports from the California case rather than judicial records, and thus lacked a permissible basis for concluding that Scanlan had burglarized a *residence* rather than some other type of structure. By the time of sentencing, however,

counsel had received a copy of the charging document and judgment for the California offense, which conclusively establish that Scanlan was convicted of first-degree residential burglary under California Penal Code § 459. Counsel thus withdrew his objection. The district court adopted the guidelines imprisonment range of 77 to 96 months from the presentence report and imposed a term of 93 months.

Defense counsel filed a motion to withdraw, *see Anders v. California*, 386 U.S. 738 (1967), but we rejected the motion and ordered briefing on whether, for guidelines purposes, the crime of "burglary" as defined by California law fits the definition of burglary articulated in *Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Taylor* the Supreme Court explained that "burglary" traditionally has been defined as an "unlawful or unprivileged" entry into a building or structure with intent to commit a crime, 495 F.3d at 599. California has not defined burglary under § 459 to include as an element of the offense an unprivileged entry or unlawful presence; entering with the intent to commit a felony, even if the entry is by invitation, constitutes burglary. *See People v. Letner*, 235 P.3d 62, 115 (Cal. 2010); *People v. Lynch*, 237 P.3d 416, 465 n.23 (Cal. 2010).

*Taylor* holds that a conviction for "burglary" does not qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B), unless "its statutory definition substantially corresponds to 'generic' burglary." 495 U.S. at 602. We have said that the definition of "crime of violence" in § 4B1.2(a) and the

ACCA definition of "violent felony" are "identical . . . except that the statutory definition leaves out 'of a dwelling.'" *United States v. Evans*, 576 F.3d 766, 767 (7th Cir. 2009). That comparison implies that § 4B1.2(a) uses the term burglary in the same generic sense as the ACCA, and the other circuits that have considered the question have held that § 4B1.2(a) uses *Taylor*'s generic definition of burglary. *See United States v. Eason*, 643 F.3d 622, 623-24 (8th Cir. 2011); *United States v. Knight*, 606 F.3d 171, 173 (4th Cir. 2010); *United States v. Ortega-Gonzaga*, 490 F.3d 393, 395 (5th Cir. 2007); *United States v. Wenner*, 351 F.3d 969, 973 (9th Cir. 2003). Thus, the Ninth Circuit has held that "burglary" as defined in § 459—even burglary of a home—is not "burglary of a dwelling" as enumerated in § 4B1.2(a)(2) because an unprivileged entry is not an element. *See United States v. Aguila-Montes De Oca*, 655 F.3d 915, 944-45 (9th Cir. 2011) (en banc); *see also United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296-97 (5th Cir. 2008); *Ortega-Gonzaga*, 490 F.3d at 395; *United States v. Painter*, 400 F.3d 1111, 1114 (8th Cir. 2005); *United States v. Throneburg*, 921 F.2d 654, 659 (6th Cir. 1990) (concluding that Michigan crime of "entering without breaking," *see* MICH. COMP. LAWS § 750.111 (1979), does not define crime of burglary under *Taylor* definition because unprivileged entry is not an essential element).

Scanlan now argues that a conviction under § 459 is not an enumerated crime of violence under § 4B1.2(a)(2). The government concedes that § 459 does not fit *Taylor*'s definition of generic burglary but argues that a violation of that statute nonetheless is a crime of

violence under § 4B1.2(a)(2) because the crime necessarily involves "conduct that presents a serious potential risk of physical injury to another." The government points out, moreover, that Scanlan did not make this argument to the district court, so we review for plain error. *See United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011).

Scanlan argues that § 459 does not fit within the residual clause of § 4B1.2(a)(2) because, he maintains, the ordinary case of California burglary does not involve the same type or degree of risk of physical injury as generic burglary. He notes that some judges who have considered this question believe that the ordinary case of California burglary is not a crime of violence because § 459 criminalizes conduct that does not present a serious potential risk of injury, such as making a consensual entry into a home with the goal of selling occupants fraudulent securities. *See United States v. Snellenberger*, 548 F.3d 699, 706-07 (9th Cir. 2008) (en banc) (Smith, J., dissenting). Scanlan cites a number of recent California burglary convictions that involve consensual entry and nonviolent felonies, *see, e.g.*, *People v. Lee*, No. E049458, 2011 WL 2508899, at *1 (Cal. Ct. App. June 24, 2011) (defendant stole checks from home shared with her parents); *People v. Tupper*, No. A125301, 2010 WL 5231819, at *1 (Cal. Ct. App. Dec. 23, 2010) (defendant embezzled funds from preschool where he worked as bookkeeper); *People v. Segars*, No. F058595, 2010 WL 5030104, at *1 (Cal. Ct. App. Dec. 10, 2010) (defendant was invited into victims' homes to sign contracts and receive payment for installing solar panels though no work was ever done).

The district court did not commit plain error by treating Scanlan's burglary conviction as a crime of violence. To succeed on plain-error review, Scanlan must show that the district court committed (1) an error (2) that is plain and (3) affected his substantial rights to a degree that (4) would seriously undermine the fairness, integrity, or public reputation of judicial proceedings if not corrected. *See United States v. Baker*, 655 F.3d 677, 680-81 (7th Cir. 2011); *United States v. Wainwright*, 509 F.3d 812, 815-16 (7th Cir. 2007). To determine if § 459 is a crime of violence under the residual clause, we apply a categorical approach and ask whether, in the ordinary case, the conduct encompassed by the elements of the offense presents a serious potential risk of physical injury to another. *See James v. United States*, 550 U.S. 192, 208 (2007); *United States v. Sonnenberg*, 628 F.3d 361, 365 (7th Cir. 2010). Further, § 459 and the enumerated offenses in § 4B1.2(a)(2) must be roughly similar in kind and degree of risk posed. *Begay v. United States*, 553 U.S. 137, 142-43 (2008); *United States v. Capler*, 636 F.3d 321, 323 (7th Cir. 2011).

Although Scanlan has identified some examples of convictions under § 459 where the conduct was non-violent and the entry was consensual, every conceivable set of facts covered by § 459 does not have to present a serious potential risk of injury for it to qualify as a crime of violence under § 4B1.2(a)(2). *James*, 550 U.S. at 207-08. After we rejected counsel's motion to withdraw and directed briefing, the Ninth Circuit answered a question not addressed in *Aguila-Montes De Oca* and held that § 459 *is* categorically a crime of violence under § 4B1.2(a)'s residual clause. *United States v. Park*,

649 F.3d 1175, 1180 (9th Cir. 2011). The court noted, *id.* at 1178-80, that the Supreme Court of California and other California courts have emphasized the potentially violent nature of the ordinary case of residential burglary despite § 459 not requiring unlawful entry, *see People v. Davis*, 18 Cal. 4th 712, 721 (Cal. 1998); *People v. Rodriguez*, 18 Cal. Rptr. 550, 558 (Cal. Ct. App. 2004). And the Supreme Court has stated that the "main risk of burglary arises not from the simple physical act of wrongfully entering into another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party." *James*, 550 U.S. at 203. As to the second step, the Ninth Circuit held that § 459 is roughly similar to generic burglary. *Park*, 649 F.3d at 1180. Although § 459 does not require unlawful entry, it does require some form of entry, making it arguably more similar to generic burglary than the attempted burglary statute that the Supreme Court found was a crime of violence in *James. See Park*, 649 F.3d at 1180.

The district court should have treated § 459 as a crime that otherwise presents a serious potential risk of injury rather than as the enumerated crime of "burglary of a dwelling" under § 4B1.2(a)(2). But since § 459 nonetheless still qualifies as a crime of violence under § 4B1.2(a)(2), Scanlan has not identified an error in the guidelines calculation and he has not established plain error. *See United States v. Turner*, 651 F.3d 743, 748 (7th Cir. 2011).

Therefore, Scanlan's sentence is AFFIRMED.