FILED
United States Court of Appeals
Tenth Circuit

October 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOE MALDONADO,

      Defendant - Appellant.

No. 11-2168

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:09-CR-01032 JAP-1)**

Thomas B. Jameson, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellant.

Jennifer M. Rozzoni, Assistant United States Attorney (Kenneth J. Gonzales, United States Attorney, with her on the brief), Office of the United States Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.

Before **O'BRIEN, HOLMES,** and **MATHESON,** Circuit Judges.

**MATHESON**, Circuit Judge.

In December 2008, Joe Maldonado pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The presentence report ("PSR") concluded that the Armed Career Criminal Act ("ACCA") applies to Mr. Maldonado as a result of three prior burglary convictions, subjecting him to a mandatory sentencing enhancement. Mr. Maldonado objected, arguing that one of his prior convictions, a first-degree burglary conviction in California, is not a violent felony under the ACCA. The district court overruled the objection and sentenced Mr. Maldonado to the ACCA-mandated minimum sentence of 15 years. Mr. Maldonado now appeals.

The sole issue on appeal is whether California's first-degree burglary statute is a violent felony under the ACCA. We hold that it is by virtue of the ACCA's residual clause. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm Mr. Maldonado's ACCA sentence.

## I. BACKGROUND

Mr. Maldonado was arrested on December 31, 2008, when officers found a loaded handgun in the car he was driving. He pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Before sentencing, the U.S. Probation Office reviewed Mr. Maldonado's criminal history and discovered three prior burglary convictions: a first-degree burglary conviction in California and two residential burglary convictions in New Mexico. The Probation Office issued a PSR recommending that Mr. Maldonado be classified as an armed career criminal under the ACCA, which would trigger a sentencing enhancement. Under the enhancement, instead

-2-

of zero to 10 years, Mr. Maldonado would receive a mandatory minimum sentence of 15 years to life. *See* §§ 924(a)(2), 924(e)(1).

Mr. Maldonado objected to the enhancement. He argued that, because California, unlike most states, defines first-degree burglary without an element of unlawful or unprivileged entry, Cal. Penal Code §§ 459, 460, his burglary conviction is not a violent felony for ACCA purposes.[1] *See Taylor v. United States*, 495 U.S. 575, 598 (1990) (noting that "modern statutes 'generally require that the entry be unprivileged'" (quoting W.O. LaFave & A.O. Scott, Substantive Criminal Law § 8.13(a), p. 466 (1986))).

The district court overruled Mr. Maldonado's objection and concluded that California's first-degree burglary offense is a violent felony under the ACCA. It reached this conclusion after addressing three questions.

First, the district court determined that California first-degree burglary is not an ACCA enumerated offense under the categorical approach, which compares the elements of the statute at issue with the elements of a comparable offense in the ACCA's list of enumerated violent felonies. *See James v. United States*, 550 U.S. 195, 202 (2007). The ACCA includes "burglary" in its list of enumerated violent felonies, § 924(e)(2)(B)(ii), but does not define the offense. Because burglary has different meanings in various state jurisdictions, the Supreme Court provided a definition in *Taylor v. United States*, 495 U.S. 575 (1990). It explained that the ACCA refers to "generic" burglary, which includes

---

[1] Mr. Maldonado does not dispute that his New Mexico state burglary convictions are violent felonies under the ACCA. Those convictions are not at issue in this appeal.

"the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 598.

California's first degree burglary offense requires entry into "an inhabited dwelling" with the "intent to commit . . . larceny or any felony." Cal. Penal Code §§ 459, 460. Because the California offense does not require unlawful or unprivileged entry, the district court found that California's first-degree burglary statute does not categorically qualify as an ACCA enumerated felony.

Second, the district court considered whether Mr. Maldonado's particular conviction qualified as a generic burglary conviction for ACCA purposes under the modified categorical approach. Under this approach, a court "consult[s] certain authoritative documents (indictments, informations, pleas, and the like) to ascertain whether the defendant's offense was, in actuality, the 'generic' offense." *United States v. Huizar*, 688 F.3d 1193, 1194 (10th Cir. 2012). The district court held that Mr. Maldonado's conviction did not qualify for generic burglary under this approach because the jury instructions in Mr. Maldonado's trial lacked an unlawful entry element.

Third, the district court considered whether California's first-degree burglary offense is a violent felony under the ACCA's residual clause, § 924(e)(2)(B)(ii). The residual clause makes a crime a violent felony when it "involves conduct that presents a serious potential risk of physical injury to another." *Id.* The district court held that the California first-degree burglary statute satisfies the ACCA residual clause. It relied on the Ninth Circuit's decision in *United States v. Park*, 649 F.3d 1175 (9th Cir. 2011),

-4-

which held that California's first-degree burglary statute qualified as a violent felony under the residual clause of the U.S. Sentencing Guidelines. *Id.* at 1180.[2]

On appeal, the parties agree that Mr. Maldonado's first-degree burglary conviction does not qualify as an ACCA enumerated felony, either categorically or modified categorically. We therefore consider only whether the district court erred in determining that California's first-degree burglary statute qualifies as a violent felony under the ACCA's residual clause.

## II.    **DISCUSSION**

"We review de novo whether a prior conviction is a violent felony for purposes of enhancement under the ACCA." *United States v. King*, 422 F.3d 1055, 1057 (10th Cir. 2005). This circuit has not yet determined whether California's first-degree burglary offense is a violent felony. We hold that it is. To reach this conclusion, we (A) review how the ACCA defines "violent felony"; and (B) analyze the California statute under the ACCA's residual clause definition of violent felony to show that California first-degree burglary is a violent felony because (1) the California offense creates a serious potential risk of injury and (2) is roughly similar to generic burglary.

### A.  *ACCA and "Violent Felony"*

---

[2] Since the district court's decision, the Seventh Circuit also determined that California first-degree burglary meets the residual clause under the Guidelines. *United States v. Scanlan*, 677 F.3d 896, 900 (7th Cir. 2012). The Seventh Circuit embraced *Park*'s reasoning and its holding, applying plain error review to affirm a district court's decision that the California statute is a violent felony for sentencing purposes. *Id.*

The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Subsections (i) and (ii) of this provision identify three ways a state burglary conviction may constitute a violent crime. First, a conviction may qualify under § 924(e)(2)(B)(i) if it includes an element of physical force. This clause is not applicable in the present case and will not be discussed further. Second, a conviction may qualify as an enumerated felony under § 924(e)(2)(B)(ii). Third, it may qualify under the residual clause of the same provision if it "involves conduct that presents a serious potential risk of physical injury to another." § 934(e)(2)(B)(ii); *see also Sykes v. United States*, 131 S. Ct. 2267, 2273 (2011). The government now concedes that Mr. Maldonado's California first-degree burglary conviction is not an enumerated violent felony, instead urging us to affirm the district court's holding that it is a violent felony by virtue of the residual clause.

### B. *California's first-degree burglary offense is a violent crime under the ACCA's residual clause.*

Under the residual clause, a crime is a violent felony when it "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

Neither the Supreme Court nor the Tenth Circuit has addressed whether the California statute is a violent felony under the residual clause. The Seventh and Ninth Circuits have held that it is a violent felony under the residual clause of the U.S. Sentencing Guidelines. *Scanlan*, 667 F.3d at 900; *Park*, 649 F.3d at 1180. The district court concluded that the statute is a violent felony under the ACCA's residual clause, and we agree.[3]

In determining whether a crime qualifies as a violent felony under the residual clause, courts apply the categorical approach. *James*, 550 U.S. at 202. When applied to the residual clause, the categorical approach operates much as it did in the enumerated felony analysis applied by the district court. We "look only to the fact of conviction and the statutory definition of the . . . offense," without looking to the particular facts or circumstances of a defendant's conviction. *Id.* (quotations omitted).[4]

---

[3] As this court has previously noted, the relevant provisions of the U.S. Sentencing Guidelines, U.S.S.G. § § 2K2.1(a)(4) and 4B1.2(a)(2), and the ACCA are nearly identical, differing only in that the list of enumerated crimes in the Guidelines names "burglary of a dwelling" while the ACCA names "burglary." The Tenth Circuit interprets the residual clauses of the Guidelines and the ACCA under the same precedent. *See Huizar*, 688 F.3d 1193, 1194 (10th Cir. 2012); *United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009). In other words, interpretations of the Guidelines' enumerated felony list and residual clause apply with equal force to the ACCA provisions and vice-versa. We therefore refer to "residual clause" interchangeably in this opinion.

[4] It is unclear whether the modified categorical approach could be applied in a residual clause case. The Supreme Court has applied only the categorical approach in residual clause cases. *See, e.g.*, *Sykes*, 131 S. Ct. at 2272 ("[W]hile there may be little doubt that the circumstances of the flight in [the defendant's] own case were violent, the question is whether [the statute at issue], as a categorical matter, is a violent felony."); *see also James*, 550 U.S. at 201-02; *Shepard*, 544 U.S. at 17. However, the Court has not explicitly foreclosed that the modified categorical approach could be used in the appropriate case. Several circuits have either applied the modified categorical approach

Continued . . .

Under our precedent, we apply a two-part test, asking first whether the offense poses a serious potential risk of physical injury to another and second, whether the offense is "roughly similar" in kind and degree of risk as the enumerated crimes in the ACCA. *United States v. McConnell*, 605 F.3d 822, 826-27 (10th Cir. 2010).

1. ***California's first-degree burglary offense creates a serious potential risk of physical injury to another.***

Burglary has been described as a "classic example" of a violent crime because, "by its nature," burglary "involves a substantial risk that the burglar will use force against a victim in completing the crime." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). A burglar may also provoke injury to others if victims or third parties "in anger or panic react violently" to resist or prevent the burglar's criminal acts. *Park*, 649 F.3d at 1179 (quoting *People v. Davis*, 958 P.2d 1083, 1089 (Cal. 1998)).

In California, a person who "enters any house [or other structure or vehicle] with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code § 459. Burglary of an inhabited dwelling house or the inhabited portion of any

---

Cont.

in some form to a residual clause analysis or expressly acknowledged the possibility. *See United States v. Marrero*, 677 F.3d 155, 161-62 (3d Cir. 2012) (holding that Pennsylvania's assault offense was a crime of violence under both the categorical and modified categorical approaches); *United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012) (discussing the modified categorical approach as a possibility in a residual clause analysis, but finding the Georgia false imprisonment statute to be a violent felony under the categorical approach). In the present case, the parties have not raised this question, so we apply only the categorical approach without considering the applicability of the modified categorical approach.

building is a first-degree burglary, while all other kinds of burglary are of the second degree. § 460. A dwelling house or building is inhabited if it is "currently being used for dwelling purposes, whether occupied or not." *People v. Villalobos*, 145 Cal. App. 4th 310, 316 (2006).[5]

Mr. Maldonado emphasizes the absence of unlawful entry as an element in California's first-degree burglary statute. He notes that, unlike a generic burglary where the entry must be unlawful, a burglar who enters a home by invitation will probably not provoke confrontation immediately upon entry. We agree that the statute encompasses hypothetical acts that may not involve serious risk of violence, such as repair workers who engage in "home shoplifting" while providing services in their customers' homes. *See also, e.g.*, *People v. Segars,* No. F058595, 2010 WL 5030104, at *1 (Cal. Ct. App. Dec. 10, 2010) (upholding burglary conviction of a defendant who falsely claimed to be a contractor, then entered his victims' homes by invitation, signed contracts, and received payments for contract work he did not intend to perform).

Of course, there are also scenarios on the other end of the risk spectrum. It is likely, for example, that many burglars in California do commit their crimes through unlawful entry, even though the statute does not require it. And California's first-degree

---

[5] California courts have given the term "inhabited" a "broad, inclusive definition." *Villalobos*, 145 Ca. App. 4th at 317. "[T]he proper question is whether the nature of a structure's composition is such that a reasonable person would expect some protection from unauthorized intrusion." *Id.* at 318 (quotations omitted). Hotel rooms, weekend fishing retreats, and even hospital rooms have been held to be inhabited under California burglary laws. *Id.*

burglary offense requires entry of an inhabited dwelling, while generic burglary can occur with any building or enclosed space, regardless of whether it is a human dwelling or whether it is inhabited. *Taylor*, 495 U.S. 575. Thus, California's burglary offense encompasses the actions of a burglar who breaks into a family home at night or the criminal who enters a neighbor's apartment, with or without invitation, intending to commit robbery, sexual assault, and/or murder. *E.g.*, *People v. Hughes*, 27 Cal. 4th 287 (2002) (upholding a first-degree burglary conviction for a defendant who robbed, sexually assaulted, and murdered his victim in her home).

The question before us is not resolved by these extreme examples. The Supreme Court has emphasized that the "ACCA does not require metaphysical certainty," and a criminal statute need not involve a serious risk of injury under every conceivable circumstance to be deemed a violent felony. *James*, 550 U.S. at 207. Rather, we are concerned with the *potential risk* that arises from "conduct encompassed by the elements of the offense in the ordinary case." *Id.* at 208.

There is no bright line rule for defining an "ordinary case" of burglary, nor have we been presented with empirical data revealing the most frequent circumstances under which California burglars operate. Nevertheless, like the Ninth Circuit, we have "no trouble concluding that the elements of California's first-degree burglary statute involve[] conduct that presents a serious potential risk of physical injury." *Park*, 649 F.3d at 1178 (quotations omitted).

*Park* relied in part on the Supreme Court's characterization of the risks of burglary

in *James*, in which the Supreme Court found that the elements of a Florida attempted burglary statute present a serious potential risk of violence due to the possibility of confrontation if the burglar is "thwarted by some outside intervenor—be it a property owner or law enforcement officer." 550 U.S. at 204. The Ninth Circuit reasoned that if the risk of violence from an uncompleted burglary attempt in which no unlawful entry occurs is sufficient to satisfy the ACCA's residual clause, it follows that the risk in a completed burglary is also sufficient—with or without unlawful entry. *Park*, 649 F.3d at 1178-79.

The government urges us to embrace this reasoning. Mr. Maldonado responds with a two-part argument. First, he argues that the risk of injury in the case of a California burglary involving a legally authorized entry is lower than the risk created with a generic burglary. Second, he further argues that because the risk is not precisely the same, the California statute cannot qualify under the residual clause. Whether or not the first proposition is ultimately correct, it is at least arguably reasonable. But there is no authority to support the second. The ACCA residual clause does not require the potential risk of injury be the exact degree of risk as that presented by a particular enumerated offense. It simply requires a "serious potential risk of physical injury to another." 924(e)(2)(B)(ii); *see also Begay v. United States*, 553 U.S. 137, 143 (2008) (discussing the wide variation within the enumerated offenses with respect to degree of risk posed).

*Park* and *Scanlan* both emphasized the California Supreme Court's often-quoted

-11-

explanation that the state's burglary laws are "based primarily upon a recognition of the dangers to personal safety created by the *usual burglary situation*—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime . . . and the danger that the occupants will in anger or panic react violently . . . ." *Davis*, 958 P.2d at 1089 (emphasis added) (quotations omitted); *see also Magness v. Superior Court*, 54 Cal. 4th 270, 275 (2012); *Hughes*, 27 Cal. 4th at 355. This description is useful because it comes from the highest court in the California judicial system, a source likely to understand the nature of the ordinary burglary case.

Our careful review of the ACCA statutory language, the elements of California's first-degree burglary offense (especially the additional element of "inhabited dwelling house"), Supreme Court guidance, and persuasive analyses of other circuits leads us to conclude that California's first-degree burglary offense presents a serious potential risk of physical injury. We now turn to whether the statute is "roughly similar" to the enumerated offense of generic burglary.

> 2. *California's first-degree burglary offense is "roughly similar" to the crime of generic burglary as enumerated in the ACCA.*

To be a violent felony under the ACCA's clause, an offense must present a risk of injury that is "roughly similar, in kind as well as degree of risk posed" to an enumerated offense. *McConnell*, 605 F.3d at 826-27.

The test for determining whether a crime is "roughly similar" is subject to some debate. In *Begay*, the Supreme Court held that driving under the influence was *not*

roughly similar to any enumerated offense, and thus did not qualify under the ACCA's residual clause. 553 U.S. at 145. The Court acknowledged that driving under the influence poses a serious risk of personal injury but explained that the crime is nevertheless dissimilar to the enumerated offenses because it generally involves negligence, recklessness, or even strict liability rather than "purposeful, violent, and aggressive conduct." *Id.* After *Begay*, the Court held in *Chambers v. United States*, 555 U.S. 122 (2008), that failure to report to a probation officer was not roughly similar to an ACCA enumerated offense because it "amounts to a form of inaction, a far cry from the purposeful, violent, and aggressive conduct potentially at issue when an offender . . . burgles a dwelling . . . ." *Id.* at 128 (quotations omitted).

Following *Begay* and *Chambers*, many circuits, including ours, applied a "purposeful, violent, and aggressive" test to decide whether a crime is roughly similar to an ACCA enumerated offense. For example, we applied this test in *McConnell* to decide that Kansas's offense of fleeing and eluding a police officer is roughly similar to the ACCA's enumerated offenses, emphasizing that fleeing and eluding requires "deliberate action." 605 F.3d at 829.

But in the more recent case of *Sykes v. United States*, the Supreme Court downplayed the "purposeful, violent, and aggressive" test, particularly with offenses that

-13-

require intentional conduct.[6] *See Sykes*, 131 S. Ct. at 2276. In such situations, *Sykes* concluded, this test is "redundant." *Id.* at 2275. As we recently explained in *United States v. Sandoval*, No. 11-1303, 2012 WL 4784466 (10th Cir. Oct. 9, 2012), "[a]fter *Sykes*, it is not necessary to reach *Begay*'s 'purposeful' inquiry when the *mens rea* of the offense requires intentional conduct." *Id.* at *3. In such cases, we ask instead whether the crime is "similar in risk to the listed crimes" in the ACCA.[7] *United States v. Smith*, 652 F.3d 1244, 1248 (10th Cir. 2011) (quoting *Sykes*, 131 S. Ct. at 2276); *see also Sandoval*, 2012 WL 4784466, at *3.

Regardless of which test we apply, California's first-degree burglary offense is "roughly similar" to the enumerated crime of generic burglary. The California statute satisfies the "purposeful, violent, and aggressive" test. As a specific intent crime, it is purposeful. *See Sandoval*, 2012 WL 4784466, at *3. It is aggressive because a first-degree burglar intentionally commits his crime in the space where his victims assume "they can let down their guard" and where they "need to feel secure." *Villalobos*, 145 Cal. App. 4th at 318. The aggressive nature of first-degree burglary is especially clear

---

[6] The Supreme Court splintered over the questions of what remains of the "purposeful, violent, and aggressive" test and precisely when it applies. For an explanation of the Court's views on this issue in *Sykes*, see our decision in *Sandoval*, 2012 WL 4784466, at *3, n.8.

[7] In *Sandoval*, we acknowledged that *Sykes*'s holding is "not a model of clarity." 2012 WL 4784466, at *3, n.8. For this reason, we applied both tests, concluding that Colorado's second-degree assault offense was both similar in risk to enumerated offenses and that it involved violent, purposeful, and aggressive conduct. *Id.* at *3-4.

-14-

when the crime is contrasted with the types of offenses that do not satisfy the residual clause, such as driving under the influence or failing to report to a probation officer. *See Begay*, 553 U.S. at 142; *Chambers*, 555 U.S. at 128.

Finally, the offense presents a serious potential risk of violent confrontation. As we have already explained, a risk of violence arises, even absent an unlawful entry, when a victim or third-party discovers the burglar's criminal intent. The burglar may initiate violence to carry out his crime, or a victim or third party may use force to resist or prevent it.

Under the "similar in risk" test, California first-degree burglary is still roughly similar to generic burglary. *See Sandoval*, 2012 WL 4784466, at *3. Although we have recognized that "California is different" when it comes to burglary laws, *Huizar*, 688 F.3d at 1195,[8] the question is whether the key difference—the absence of unlawful entry as a necessary element—changes the nature and degree of the risk involved so much that California's statute is not "roughly similar" to generic burglary. Our answer is no.

As the Supreme Court emphasized in *James*, the risk in any burglary situation is that of confrontation. 550 U.S. at 203. "The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the

---

[8] In *Huizar*, we held that a defendant's prior conviction under California's second-degree burglary statute did not equate to generic burglary under the *Taylor* definition and, therefore, did not qualify as an enumerated offence under the categorical or the modified categorical approach. 688 F.3d at 1197. *Huizar* did not address whether any California burglary statute satisfies the residual clause.

possibility of a face-to-face confrontation between the burglar and a third party" and "the possibility that an innocent person might appear while the crime is in progress." *Id.* In *Park*, the Ninth Circuit stated that, "[i]t makes no difference for purposes of our analysis that California first-degree burglary does not require an unlawful entry in the same sense as the generic offense." 649 F.3d at 1179. A completed burglary of an inhabited dwelling is "even more like generic burglary than the attempted burglary statute that the Court addressed in *James*." *Id.* at 1180 (quotations omitted).

We agree, and we therefore find that California's first-degree burglary statute is "roughly similar" to the enumerated ACCA offense of generic burglary.

* * *

Having determined that first-degree burglary under California law presents a serious potential risk of personal injury to another and that it is roughly similar to the generic offense, we conclude that the offense qualifies under the ACCA's residual clause as a violent felony.

## III.    CONCLUSION

For the forgoing reasons, we AFFIRM the district court's application of the ACCA's sentence enhancement.