**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

RANDY GOODWIN,

  Defendant - Appellant.

No. 13-1466
(D.C. No. 1:12-CR-00100-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Randy Goodwin was convicted of being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1) and of distributing methamphetamine in

violation of 21 U.S.C. § 841(a)(1).  On appeal, Mr. Goodwin contends that his

sentencing range, calculated pursuant to the United States Sentencing Guidelines

("U.S.S.G." or "the Guidelines"), was incorrectly adjusted upward because his

prior conviction for first-degree criminal trespass under Colo. Rev. Stat. § 18-4-

502 was not a "crime of violence" within the meaning of U.S.S.G.

---

[*]    This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

§ 2K2.1(a)(4)(A).  Exercising our jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we **reverse** the district court's sentencing order and **remand** the case with instructions to re-sentence Mr. Goodwin without the crime-of-violence enhancement.

## I

The sole question before us is whether Mr. Goodwin's prior Colorado criminal-trespass offense constitutes a crime of violence under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2), *see, e.g.*, *United States v. Duran*, 696 F.3d 1089, 1091 (10th Cir. 2012) (resolving dispute involving the "residual clause"); this Guidelines provision supplies the controlling crime-of-violence definition for U.S.S.G. § 2K2.1(a)(4)(A)—the specific Guidelines section applicable to Mr. Goodwin and under which the district court enhanced his sentence.  Under this residual clause, a prior offense may qualify as a crime of violence if it "otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).[1]

---

[1]    In fuller form, U.S.S.G. § 4B1.2(a) provides:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves

(continued...)

2

In its answer brief, the government—the party that bears the burden of proof regarding the enhancement, *see, e.g.*, *United States v. Thomas*, 749 F.3d 1302, 1317 (10th Cir. 2014); *United States v. Gambino-Zavala*, 539 F.3d 1221, 1228 (10th Cir. 2008)—vigorously argued that Mr. Goodwin's offense qualified as a crime of violence under § 4B1.2(a)(2)'s residual clause.  However, in light of the Supreme Court's recent decision in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 2563 (2015)—which was issued after all briefing had initially concluded in this case—the government has abandoned this position.

In *Johnson*, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act[, or "ACCA,"] violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563.  More specifically, the Court explained that a "combin[ation of] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony" rendered the ACCA's residual clause unconstitutionally void for vagueness.  *Id.* at 2558; *see also United States v. Snyder*, 793 F.3d 1241, 1246 (10th Cir. 2015) (stating, in an

---

[1](...continued)
> use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 4B1.2(a) (emphasis added).

ACCA case, "*Johnson* is binding on us[;] . . . . the Court's opinion is clear that applying the residual clause violates due process in all instances").

The language of the ACCA's now-void residual clause is essentially identical to the language of U.S.S.G. § 4B1.2(a)(2)'s residual clause—the language upon which Mr. Goodwin's sentencing enhancement is effectively predicated. To be sure, *Johnson* does not directly address § 4B1.2(a)(2). And we have never resolved in the context of § 4B1.2(a)(2)'s residual clause a vagueness challenge like the one adjudicated in *Johnson*. However, we repeatedly "have applied the Supreme Court's ACCA . . . analysis in cases interpreting § 4B1.2's definition of 'crime of violence.'" *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015); *accord United States v. Maldonado*, 696 F.3d 1095, 1099 n.3 (10th Cir. 2012); *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010). Given this linguistic and jurisprudential symmetry between the two residual clauses, we recognized here that *Johnson* presented at the very least a question regarding whether U.S.S.G. § 4B1.2(a)(2)'s residual clause should also be deemed unconstitutionally vague, like the ACCA's residual clause in *Johnson*. Accordingly, we sought the parties' views through supplemental briefing regarding the impact (if any) of *Johnson*'s ACCA residual-clause holding on our resolution of this case.

In its supplemental brief, the government "concedes, in light of *Johnson*, that Mr. Goodwin's criminal trespass conviction may no longer be deemed a

4

crime of violence." Aplee. Supp. Br. at 5. Not surprisingly, in his corresponding supplemental brief, Mr. Goodwin agrees. *See* Aplt. Supp. Br. at 1 (noting that "*Johnson* compels the conclusion that the residual clause of the Guidelines at issue in this case is unconstitutionally vague"). The government does note, however, that Mr. Goodwin failed to object before the district court to his crime-of-violence enhancement on the vagueness ground undergirding *Johnson*'s holding. *See* Aplee. Supp. Br. at 4. Accordingly, the government contends that any vagueness challenge by Mr. Goodwin to § 4B1.2(a)(2)'s residual clause is forfeited and subject only to plain-error review on appeal. *See id.* Mr. Goodwin had an opportunity to contest the government's plain-error assertion in an optional reply brief, but he did not file one and thus has failed to do so. Morever, the government's reading of the district court record is consistent with our own—*viz.*, we discern no indication in the record that Mr. Goodwin ever alleged that U.S.S.G. § 4B1.2(a)(2)'s residual clause is unconstitutionally vague.

Accordingly, Mr. Goodwin's current vagueness attack based on *Johnson* is indeed forfeited for failure to initially raise it before the district court, *see, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011), and it must be reviewed under our ordinarily "rigorous plain-error standard of review." *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012). "Under the plain error standard, Mr. [Goodwin] must demonstrate: '(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial

5

rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if [4] it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Cooper*, 654 F.3d 1104, 1117 (10th Cir. 2011) (quoting *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007)).

In light of the government's further concessions, the stringency of the plain-error standard is ultimately of little moment. Specifically, the government concedes that "there is error and that the error is plain" and, furthermore, that "this error affected Mr. Goodwin's substantial rights and that failure to correct the error would seriously affect the fairness of these proceedings." Aplee. Supp. Br. at 5. Although we are not bound by the government's concessions, *see, e.g.*, *United States v. Hoyle*, 697 F.3d 1158, 1167 (10th Cir. 2012), there is no obvious reason for us to question them under the circumstances of this case, *see, e.g.*, *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014).

The parties' briefing does not provide a useful platform for an extensive analysis of the plain-error issue stemming from *Johnson*; therefore, prudence counsels that we do no more than adumbrate our rationale for the specific purpose of resolving this case. In this regard, as noted, the language of § 4B1.2(a)(2)'s residual clause is essentially identical to the language of the ACCA's residual clause, which the Supreme Court declared void for vagueness in *Johnson*. Therefore, the district court's reliance on § 4B1.2(a)(2)'s residual clause in enhancing Mr. Goodwin's sentence was error and also seemingly clearly or

obviously so.[1]  Furthermore, it is undisputed that Mr. Goodwin's advisory

Guidelines range—absent the crime-of-violence enhancement—would very likely

provide for not only a lesser advisory Guidelines imprisonment range, but also a

significantly lesser one.  Consequently, there is a cogent argument that Mr.

Goodwin has been prejudiced by the district court's apparent sentencing error and

that this error—if permitted to stand—would seriously affect the fairness of his

proceedings.  *See, e.g.*, *United States v. Mendoza*, 698 F.3d 1303, 1310 (10th Cir.

2012); *United States v. Mullins*, 613 F.3d 1273, 1294 (10th Cir. 2010).

Thus, under the circumstances of this case, where the government has

unequivocally conceded reversible error under the plain-error standard, and this

conclusion is not patently incorrect, we summarily reverse and remand for re-

sentencing.  In this regard, we underscore that we are in the business of resolving

disputes, not creating them.[2]  *See, e.g.*, *Greenlaw v. United States*, 554 U.S. 237,

---

[1]     We note that, where the question is one of statutory or regulatory interpretation, an error may be clear or obvious (that is, plain) even if, as here, there are no Supreme Court or Tenth Circuit cases that have directly opined on the question.  *See, e.g.*, *United States v. Poe*, 556 F.3d 1113, 1129 (10th Cir. 2009); *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003).  Indeed, even if there is a split among our sister circuits on the interpretive question, that would not necessarily prevent us from concluding that the district court's resolution of the question was clear or obvious error.  *Cf. United States v. Ahidley*, 486 F.3d 1184, 1193 n.7 (10th Cir. 2007) ("[W]e do not believe the presence of contrary circuit authority should control our determination of whether the district court's error was plain.").

[2]     We recognize that there is a split among the circuits on an important question that is logically antecedent to the specific question of whether *Johnson*'s

(continued...)

7

243 (2008) (noting adherence to the "principle of party presentation[,] . . . .

rely[ing] on the parties to frame the issues for decision"); *Utah Poultry Producers*

*Co-op. v. Union Pac. R. Co.*, 147 F.2d 975, 977 (10th Cir. 1945) ("[I]t is not

necessary for us to decide this [issue], because this is not the issue *as framed by*

*the parties*." (emphasis added)).

---

[2](...continued)
ACCA holding ineluctably leads to the conclusion that the essentially identical residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutional. Specifically, that question is whether the void-for-vagueness doctrine, which *Johnson* employed, applies to the Guidelines at all. We have expressly recognized that "there is a conflict among the circuits as to whether the sentencing guidelines may be challenged on vagueness grounds." *United States v. Bennett*, 329 F.3d 769, 777 n.6 (10th Cir. 2003); *see, e.g.*, *United States v. Tichenor*, 683 F.3d 358, 365 n.3 (7th Cir. 2012) (rejecting application of the vagueness doctrine and collecting cases); *United States v. Negri*, 173 F.3d 865, 1999 WL 157423, at *5 (10th Cir. 1999) (unpublished table case) (collecting cases). Our court has not yet definitively opined on whether the Guidelines can ever be subject to a void-for-vagueness challenge. *See Bennett*, 329 F.3d at 777 n.6 (noting that "[o]ur circuit has not yet decided the question" of whether the void-for-vagueness doctrine is applicable to the Guidelines). However, we arguably have assumed that the vagueness doctrine applies, not only to statutory provisions, but also to Guidelines provisions. *See, e.g., United States v. Kelly*, 1 F.3d 1137, 1142–43 (10th Cir. 1993) (rejecting a defendant's contention that a Guidelines provision is "unconstitutionally vague on its face"); *United States v. Easter*, 981 F.2d 1549, 1558 (10th Cir. 1992) (assuming that the Guidelines provisions, along with the appropriate statutes, can "give notice as to what conduct is prohibited"); *see also United States v. Thurmond*, 7 F.3d 947, 951 (10th Cir. 1993) ("[I]n *Easter*, we held that 21 U.S.C. § 841(b)(1) *and* U.S.S.G. § 2D1.1 are not void for vagueness." (emphasis added) (citation omitted)); *United States v. Turner*, 928 F.2d 956, 960 (10th Cir. 1991) (same assumption). The government offers no more than a skeletal argument on this matter, *see* Aplee. Supp. Br. at 8–9, and Mr. Goodwin does not address it at all. Under the circumstances of this case, including the meager briefing by the parties, we decline to pursue this antecedent matter.

**II**

For the reasons stated, we **REVERSE** the district court's sentencing order and **REMAND** the case to the district court. We instruct the district court to re-sentence Mr. Goodwin without the crime-of-violence enhancement and to conduct other necessary proceedings consistent with this order and judgment.


Entered for the Court


JEROME A. HOLMES
Circuit Judge