**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NATHANIEL J. SMITH,

    Defendant - Appellant.

No. 14-2216
(D.C. No. 1:14-CR-01136-WJ-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, EBEL**, and **BACHARACH**, Circuit Judges.

---

Defendant Nathaniel Smith pleaded guilty to one count of possession with intent to

distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B), and was sentenced to a term of imprisonment of 120 months. Smith

challenges his sentence on appeal, arguing that the district court erred in treating him as a

career offender under U.S.S.G. §§ 4B1.1(a) and 4B1.2(a) and adjusting his sentence

upward based upon his career offender status. Exercising jurisdiction pursuant to 28

U.S.C. § 1291, we reverse the district court's sentencing order and remand the case with

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instructions to resentence Smith without the career offender enhancement.

I

On April 9, 2014, a federal grand jury returned a single-count indictment charging Smith with possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On July 23, 2014, Smith entered into a written plea agreement with the government. Under the terms of that agreement, Smith agreed to plead guilty to the single count alleged in the indictment. Smith also agreed

> not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range except that he specifically retain[ed] the right to appeal any determination that he is a career offender or otherwise eligible for sentencing pursuant to U.S.S.G. § 4B1.1 and 4B1.2.

ROA, Vol. 1 at 12.

On September 12, 2014, the probation office disclosed to the district court and parties its presentence investigation report (PSR). The criminal history section of the PSR noted, in pertinent part, that Smith had two prior California state convictions for evading an officer. The PSR, in calculating Smith's total offense level, treated the two California state convictions for evading an officer as "crimes of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2)[1], and in turn concluded that Smith qualified as a

---

[1] The term "crime of violence," as used in § 4B1.1(a), is defined in U.S.S.G. § 4B1.2(a):

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(continued...)

2

career offender under U.S.S.G. § 4B1.1(a). As a result, the PSR adjusted Smith's offense level upwards from 26 to 34 before applying two reductions for acceptance of responsibility. Ultimately, the PSR arrived at a total offense level of 34. Combined with Smith's criminal history category of VI, that resulted in an advisory Guidelines imprisonment range of 188 to 235 months.

Smith filed written objections to the PSR and specifically objected to the PSR's classification of his California convictions for evading an officer as crimes of violence under § 4B1.1. At sentencing, however, the district court rejected Smith's objections and adopted the PSR's calculations. But the district court found that a downward variance was warranted due to Smith's history and characteristics, and it ultimately imposed a term of imprisonment of 120 months, to be followed by a four-year term of supervised release.

II

On appeal, Smith argues, in pertinent part, that the residual clause of the "crime of violence" definition outlined in U.S.S.G. § 4B1.2(a)(2) is void for vagueness. Because Smith's void-for-vagueness challenge was not raised below, we review it only for plain error. To establish plain error, Smith "must demonstrate that there is (1) an error; (2) that

[1](...continued)

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The concluding portion of subsection (a)(2), highlighted above, is known as § 4B1.2's "residual clause."

is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mann, 786 F.3d 1244, 1249 (10th Cir. 2015). If Smith is able to satisfy all four prongs, we may exercise our discretion and grant relief on the forfeited error. Id.

Notably, § 4B1.2(a)(2)'s residual clause is worded identically to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).[2] As a result, "[t]he Tenth Circuit interprets the residual clauses of the Guidelines and the ACCA under the same precedent." United States v. Maldonado, 696 F.3d 1095, 1099 n.3 (10th Cir. 2012). "In other words, interpretations of the Guidelines' . . . residual clause apply with equal force to the ACCA['s] [residual clause] and vice-versa." Id.

During the pendency of this appeal, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). In reaching this conclusion, the Court noted that "the Government violates" the Fifth Amendment's due process guarantee "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id. at 2556. The Court in turn concluded "that the indeterminacy of the wide-ranging inquiry

---

[2] The only difference between § 4B1.2(a)'s definition of "crime of violence" and the ACCA's definition of "crime of violence" is "that the list of enumerated crimes in the Guidelines names 'burglary of a dwelling' while the ACCA names 'burglary.'" United States v. Maldonado, 696 F.3d 1095, 1099 n.3 (10th Cir. 2012).

required by the [ACCA's] residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and that, consequently, "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. at 2557.

In supplemental briefs filed at our direction, the parties agree that we must apply the holding in Johnson to § 4B1.2's residual clause and declare it unconstitutionally vague. Further, the government concedes that Smith can satisfy all four prongs of the plain error test and it urges us to remand the case to the district court for resentencing. Although the government's concessions and recommendation are not binding on us, see, e.g., United States v. Hoyle, 697 F.3d 1158, 1167 (10th Cir. 2012), we see no reason to question them under the particular circumstances of this case, see, e.g., United States v. Rosales-Miranda, 755 F.3d 1253, 1258 (10th Cir. 2014).

To be sure, there is an unresolved question in this circuit of whether the void-for-vagueness doctrine applied by the Supreme Court in Johnson applies to the United States Sentencing Guidelines in general, and to § 4B1.2 in particular. But, as we recently noted in a similarly-situated case, "[t]he parties' supplemental briefing does not provide a useful platform" for us to resolve this issue. United States v. Goodwin, No. 13-1466, slip op. at 6 (10th Cir. Sept. 4, 2015). As a result, we are left to conclude that "there is a cogent argument that [Smith] has been prejudiced by the district court's apparent sentencing error and that this error—if permitted to stand—would seriously affect the fairness of his

proceedings." Id. at 7. We therefore summarily reverse and remand for resentencing.[3]

### III

The district court's sentencing order is REVERSED and the case REMANDED to the district court. We instruct the district court to resentence Smith without the crime-of-violence enhancement and to conduct other necessary proceedings consistent with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Chief Judge

---

[3] We also note that in early August of this year, the United States Sentencing Commission proposed changes to the Guidelines' existing definition of a "crime of violence" in order to make the Guidelines consistent with the decision in Johnson. Specifically, the proposal would eliminate the residual clause from the Guidelines' definition of "crime of violence." The Sentencing Commission has sought public comment on the proposal and indicated its intent to vote on the amendment as early as January 2016.